# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALI ALBWUL, | 1:09-cv-00377-DLB (HC) |
| Petitioner, | ORDER TO SHOW CAUSE WHY PETITION SHOULD NOT BE DISMISSED FOR LACK OF JURISDICTION |
| v. | |
| IMMIGRATION AND CUSTOM ENFORCEMENT, | [Doc. 1] |
| Respondent. | |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

Petitioner filed the instant petition for writ of habeas corpus on November 3, 2008, in the United States District Court for the Central District of California. (Court Doc. 1.) On February 27, 2009, the petitio was transferred to this Court. (Court Doc. 9.)

Petitioner contends that a detainer has been filed against him by the Immigration and Custom Enforcement which has resulted in the denial of various programming by the Bureau of Prisons and has resulted in the denial of bail under the Bail Reform Act. (Petition, at 2 of 3.) Petitioner further requests that Respondent be required to provide him "with a copy of Immigration Court and Judge order along with Show Cause Notice and the processes were talken [sic] to obtain a deportation order along with evidence that the order was obtained accordingly with the Fifth Amendment. . ." (Petition, at 3.)

First, the latter claim-that Respondent provide copies of the order involving the

1

deportation process- is not cognizable under section 2241, and must be dismissed from this action. A federal court may only grant a petition for writ of habeas corpus if the federal petitioner can demonstrate that he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(a), (c)(3). A habeas corpus petition is the correct method for a prisoner to challenge "the very fact or duration of his confinement," and where "the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment." Preiser v. Rodriguez, 411 U.S. 475, 489 (1973). Habeas corpus relief is not available to challenge an immigration detainer notice. See Campos v. Immigration and Naturalization Service, 62 F.3d 311, 314 (9th Cir. 1995); Garcia v. Taylor, 40 F.3d 299, 303 (9th Cir. 1994) ("the bare detainer letter alone does not sufficiently place an alien in INS custody to make habeas corpus available") (superseded on other grounds by statute).

Second, and fatal to this Court's review, Petitioner has failed to name a proper Respondent to review his claim challenging the execution of his sentence. It is well-established that to provide under section 2241, the petitioner must name as the respondent the warden of the facility where the he is confined. See Rumsfeld v. Padilla, 542 U.S. 426, 434-435 (2004). Section 2242 of Title 28 directs that an application for a writ of habeas corpus "shall allege . . . the name of the person who has custody over him and by virtue of what claim or authority, if known." 28 U.S.C. § 2242. Thus, when a prisoner files a section 2241 petition challenging the execution of his sentence, the warden of the penitentiary where he is confined must be named as the respondent. Dunne v. Henman, 875 F.2d 244, 248-249 (9th Cir. 1989); see also Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992) (reiterating that a federal habeas petitioner's immediate custodian is the only individual who can actually produce the body of the petitioner). "Failure to name the petitioner's custodian as a respondent deprives federal courts of personal jurisdiction." Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994). Therefore, because Petitioner has failed to name the proper respondent in his petition, this Court does not presently have jurisdiction to review it. However, in this case, the Court will give petitioner the opportunity to cure his defect by amending the petition to name a proper respondent. See West v. Louisiana, 478 F.2d 1026, 1029 (5th Cir.1973), *vacated in part on other grounds*, 510 F.2d

363 (5th Cir.1975) (en banc) (allowing petitioner to amend petition to name proper respondent); Ashley v. State of Washington, 394 F.2d 125 (9th Cir. 1968) (same).

Accordingly, the Court HEREBY ORDERS:

1. Petitioner SHALL SHOW CAUSE why the Petition should not be dismissed by AMENDING the Petition to name a proper respondent within thirty (30) days of the date of service of this order. To comply with this directive petitioner need only submit a pleading titled "Amendment to Petition" in which he amends the petition to name a proper respondent. As noted above, that individual is the person having day to day custody over petitioner - usually the warden of the institution where he is confined. The Amendment should be clearly and boldly captioned as such and include the case number referenced above, and be an original signed under penalty of perjury.

IT IS SO ORDERED.

Dated: **March 9, 2009**        **/s/ Dennis L. Beck**
UNITED STATES MAGISTRATE JUDGE