# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALI ALBWUL, | 1:09-cv-00377-DLB (HC) |
| Petitioner, | ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS |
| v. | [Doc. 1] |
| IMMIGRATION AND CUSTOM ENFORCEMENT, | |
| Respondent. | |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Pursuant to 28 U.S.C. § 636(c)(1), the parties have consented to the jurisdiction of the United States Magistrate Judge.

Petitioner filed the instant petition for writ of habeas corpus on November 3, 2008, in the United States District Court for the Central District of California. (Court Doc. 1.) On February 27, 2009, the petition was transferred to this Court. (Court Doc. 9.)

On March 10, 2009, the Court issued an order to show cause as to why the petition should not be dismissed for lack of jurisdiction. (Court Doc. 12.) Petitioner filed a response and an amendment to the petition on March 25, 2009. (Court Docs. 14, 15.)

It is clear from reviewing Petitioner's response to the order to show that he is challenging a final order of removal to his native country of Jordanian, which is beyond this Court's jurisdiction to review. On May 11, 2005, the President signed into law the "Emergency Supplemental Appropriations Act for Defense, The Global War on Terror, and Tsunami Relief,

2005." Division B of the Act is titled "REAL ID Act of 2005." Section 106 of the Act amended Section 242 of the Immigration and Nationality Act (8 U.S.C. § 1252) so as to render a petition for review to the courts of appeal the sole and exclusive means of review of an administrative order of removal, deportation, or exclusion. Section 1252(a)(5) (emphasis added) provides:

> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, <u>a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter</u>, except as provided in subsection (e) of this section. For purposes of this chapter, in every provision that limits or eliminates judicial review or jurisdiction to review, the terms "judicial review" and "jurisdiction to review" include habeas corpus review pursuant to section 2241 of Title 28, or any other habeas corpus provision, sections 1361 and 1651 of such title, and review pursuant to any other provision of law (statutory or nonstatutory).

In this case, Petitioner challenges his detention pursuant to the final order of removal, which under the statute is outside of this Court's jurisdiction. Therefore, the instant petition should be dismissed. <u>Puri v. Gonzales</u>, 464 F.3d 1038, 1041 (9th Cir.2006); <u>Medellin-Reyes v. Gonzales</u>, 435 F.3d 721, 723-24 (7th Cir.2006) ("Collateral proceedings filed on or after May 11, [2005], however, will be dismissed outright; the window for belated judicial review has closed.").

### ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1. The instant petition for writ of habeas corpus is DISMISSED; and
2. This action is terminated in its entirety.

IT IS SO ORDERED.

Dated: **April 22, 2009**    **/s/ Dennis L. Beck**
UNITED STATES MAGISTRATE JUDGE